IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KIMBERLY MONIQUE CHRISTIAN                                    PLAINTIFF

v.                                      CIVIL ACTION NO. 3:25-cv-824-KHJ-MTP

CITY OF CANTON, MISSISSIPPI, ET AL.                          DEFENDANTS

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reconsider [39]. Having considered the record and the appliable law, the Court finds that the Motion [39] should be DENIED.

Plaintiff Kimberly Christian, proceeding *pro se*, filed this action against the City of Canton, Canton Police Chief Otha Brown, and Canton Police Officers Johnathan Smoot and Victoria Kelly asserting claims under 42 U.S.C. § 1983. On May 22, 2026, Defendants filed a Motion to Dismiss [34] arguing, *inter alia*, that the individual Defendants are entitled to qualified immunity. Because Defendants raised qualified immunity as a defense, the Court stayed all discovery and disclosure requirements pending the Court's ruling on the Motion to Dismiss [34] pursuant to Local Uniform Civil Rule 16.[1] *See* Order [36].

On May 27, 2026, Plaintiff filed the instant Motion [39] requesting that the Court reconsider or modify its Order [36] staying discovery. A party's request for reconsideration of an

---

[1] Rule 16(b)(3)(B) of the Local Uniform Civil Rules provides as follows:

> Filing a motion to compel arbitration, or a motion asserting an immunity defense or jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal. Whether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion are decisions committed to the discretion of the court, upon a motion by any party seeking relief.

interlocutory order, such as Order [36], is governed by Federal Rule of Civil Procedure 54(b).  A court has considerable discretion in deciding whether to reconsider an order under Rule 54(b).  A court's "discretion is not cabined by the heightened standards for reconsideration governing final orders." *Austin v. Kroger Texas, LP*, 864 F.3d 326, 337 (5th Cir. 2017) (internal quotations and citation omitted).  "'Rule 54(b)'s approach . . . can be more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgment as justice requires.'" *Id*. (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)).  A court may "reconsider and reverse its decision for any reason it deems sufficient." *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018).

Plaintiff argues that the Court should lift the stay of discovery because she needs to conduct "narrowly tailored discovery" in order to oppose the Motion to Dismiss [34]. *See* [39] at 1.  She asserts that "limited discovery may be appropriate where facts necessary to oppose immunity are controlled by defendants." *Id*. at 2. Plaintiff also argues that discovery is needed because there is a risk for "destruction, alteration, or loss" of evidence. *See* [39] at 1.  In other words, she seeks discovery to reduce the risk of spoliation.

Plaintiff's arguments do not provide a sufficient reason for the Court to reconsider its Order [36].  While some of the United States Circuit Court for the Fifth Circuit's *prior* cases had allowed "narrow" and "careful" discovery prior to ruling on immunity "if further factual development is necessary to ascertain the availability of that defense," in 2022, the Fifth Circuit overruled those precedents, stating:

> We hold the district court abused its discretion by deferring its ruling on qualified immunity and subjecting the immunity-asserting defendants to discovery in the meantime.  Where public officials assert qualified immunity in a motion to dismiss, a district court must rule on the motion.  It may not permit discovery against the immunity-asserting defendants before it rules on their defense.

*Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022).

Thus, before this Court can allow discovery, "it must first find that the plaintiff has pleaded facts which, if true, would overcome the defense of qualified immunity." *Id*. (internal quotation and citation omitted).  Stated another way, Plaintiff "must survive the motion to dismiss without *any* discovery." *Id*. (emphasis in original).

Turning to Plaintiff's concern about spoliation, the Court notes that she has not demonstrated that spoliation has occurred or that it is likely to occur.  Moreover, the Court is not convinced that Plaintiff's fear of spoliation offers her an exemption from the Fifth Circuit's holding in *Carswell*.  Additionally, Plaintiff is not left without protections from spoliation as the law provides remedies in appropriate circumstances. *See Union Pump Co. v. Centrifugal Technology Inc.*, 404 Fed. Appx. 899, 906 (5th Cir. Dec. 16, 2010); *Baggett v. Yamaha Motor Co., Ltd.*, 2008 WL 11506271, at *3-5 (S.D. Miss. Jan. 11, 2008).

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Reconsider [39] is DENIED.

SO ORDERED this the 1st day of June, 2026.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE
